

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 1 5 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

UWANBUNKONYE NWOKORO

Criminal Indictment

No. 1:17-CR-062

THE GRAND JURY CHARGES THAT:

## Count 1
## 18 U.S.C. § 1343
## (Wire Fraud)

### Background

At all times relevant to this indictment:

1. Defendant UWANBUNKONYE NWOKORO was the founder, sole officer and registered agent of South Wind Resource, LLC (hereinafter "South Wind"), a Georgia limited liability company based in the Northern District of Georgia.

2. South Wind was an inactive corporation, with no corporate offices, employees or regularly conducted business activity, first registered by defendant at the address of an apartment where he then resided in Lawrenceville, Georgia 30043, and subsequently at another residential address in Dacula, Georgia.

3. Defendant UWANBUNKONYE NWOKORO established and maintained a checking account ending in 9409 in the name of South Wind at the Beaver Ruin branch of Bank of America in Lilburn, Georgia, in the Northern District of

Georgia. NWOKORO was the sole account user of, and authorized signatory for, the South Wind account.

4. Dozier Crane and Machinery Co. ("Dozier Crane") was a Georgia corporation in the business of buying, selling and renting cranes based in Pooler, Georgia.

5. C.G. and C.C. were employees of Dozier Crane whose responsibilities included the negotiation of purchase agreements for, and sale of, cranes to vendors within and outside Georgia.

6. Ng Huat Construction, Pte Ltd. ("Ng Huat") was a construction company based in Singapore and a customer of Dozier Crane. T.N. was the chief executive officer of Ng Huat.

## Scheme to Defraud

7. The Defendant's scheme and artifice to defraud is more particularly described as follows:

8. In February 2013, defendant UWANBUNKONYE NWOKORO paid $300 in filing and expediting fees to the State of Georgia to restore South Wind to good standing and active status, which had lapsed for failure to pay fees in August 2011.

9. In or about February and March 2013, through unauthorized access to the email address of an employee of Ng Huat, defendant UWANBUNKONYE NWOKORO intercepted, and caused to be intercepted, certain emails between Dozier Crane to Ng Huat, about a pending sale of heavy construction equipment.

2

10. In March 2013, C.G., on behalf of Dozier Crane, and T.N., on behalf of Ng Huat, finalized by email negotiations over the sale of a 55-ton crane, to be delivered for pickup by Dozier Crane to Ng Huat at the Port of Savannah, Georgia.

11. The emails intercepted by or on behalf of defendant UWANBUNKONYE NWOKORO included one sent by C.G. to T.N. on or about March 28, 2013, containing the genuine invoice for Ng Huat's purchase of the 55-ton crane for $140,000. This intercepted email also included instructions for the wiring of the purchase price from Singapore to Dozier Crane's bank account ending in 5757 at a branch of BB&T in Savannah, Georgia.

12. Defendant UWANBUNKONYE NWOKORO created, and caused to be created, Yahoo! email addresses with user names deceptively selected to appear to be the email address of the sales department of Dozier Crane and several of its employees involved in sales and finance matters. These fraudulent or "spoofed" email address included sale.doziercrane@yahoo.com, cary.doziercrane@yahoo.com, chris.doziercrane@yahoo.com, robin.doziercrane@yahoo.com, katy.doziercrane@yahoo.com and doziercrane@yahoo.com (collectively, the "spoofed email addresses"). The spoofed email addresses were created as a means to send T.N. and Ng Huat fraudulent wire communications, including bogus invoices, money wiring instructions and wire transfer receipts, in furtherance of the scheme.

13. On or about March 27, 2013, defendant UWANBUNKONYE NWOKORO sent, and caused to be sent, an email to Ng Huat from the spoofed e-mail address

3

doziercrane@yahoo.com. Attached to the email were .pdf attachments, including a fraudulent invoice for $128,000 and wiring instructions for the defendant's Bank of America account ending in 9409 in the name of South Wind. The wiring instructions and invoice were altered versions of the genuine, intercepted instructions and invoice from Dozier Crane.

14. Defendant UWANBUNKONYE NWOKORO fraudulently reproduced and modified, and caused to be reproduced and modified, the invoice and wiring instructions to misrepresent that South Wind was a "Holding Company for Dozier Crane Inc." and that South Wind shared Dozier Crane's address in Pooler, Georgia.

15. On or about March 28, 2013, in response to an email from T.N. asking about the relationship between Dozier Crane and South Wind, defendant UWANBUNKONYE NWOKORO sent and caused to be sent from a spoofed email address for C.G. a reply email misrepresenting that South Wind was part of an Ohio-based corporation which had acquired Dozier Crane and was therefore contractually entitled to receive the purchase price on behalf of Dozier Crane.

### Execution of the Scheme

16. On or about April 4, 2013, in the Northern District of Georgia and elsewhere, the defendant, UWANBUNKONYE NWOKORO, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did cause to be transmitted in interstate commerce, by means of a wire communication,

4

certain signs, signals, and sounds; that is, a wire transfer of $128,000.00 from United Overseas Bank in Singapore to a Bank of America account ending in 9409 in the name of South Wind Resource LLC, in violation of 18 U.S.C. §§ 1343 and 2.

## Count 2
## 18 U.S.C. § 1349
### (Conspiracy to Commit Wire Fraud)

17. The Grand Jury incorporates and re-alleges Paragraphs 1-16 above as if fully set forth herein.

18. Beginning on a date unknown, but from at least in or about February 2013, and continuing through at least in on or about April 2013, in the Northern District of Georgia and elsewhere, defendant UWANBUNKONYE NWOKORO did knowingly and willfully combine, conspire, confederate, and agree with other individuals known and unknown to the Grand Jury, to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds in violation of 18 U.S.C. § 1343, in that NWOKORO and other persons known and unknown to the Grand Jury sent and caused to be sent fraudulent e-mails and wiring instructions to N.H., a company in Singapore, said emails and attachments constituting and containing material representations that caused N.H. to wire as instructed $128,000.00 to a

Bank of America account ending in 9409, established and controlled by NWOKORO in the Northern District of Georgia, in violation of 18 U.S.C. § 1349.

## Forfeiture Provision

19. As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, UWANBUNKONYE NWOKORO, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2); and Title 28, United States Code, Section 2461, all property, real and personal, constituting or derived from proceeds traceable to the offenses.

20. As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant, UWANBUNKONYE NWOKORO, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1029(c)(1)(C), all personal property used or intended to be used to commit the offenses.

21. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A ___True___ BILL

___Ce___
FOREPERSON

JOHN HORN
*United States Attorney*

BRIAN M. PEARCE
*Assistant United States Attorney*
Georgia Bar No. 569768

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

7